DOWNING, J.
 

 |2In this workers’ compensation suit, the employee, Vanessa Faye Battiste, appealed; the employer, Dolgencorp, Inc. d/b/a Dollar General, answered the appeal. The Office of Workers’ Compensation Judge (WCJ) rendered judgment in favor of Ms. Battiste and against Dollar General. In pertinent part, the WCJ ruled that Ms.
 
 *617
 
 Battiste suffered a work-related accident/injury on April 28, 2006, and also suffered an aggravation to a pre-existing back condition which lasted from April 28, 2006 to July 28, 2006. The WCJ, however, found that Ms. Battiste did not meet her burden of proof in establishing that her current medical condition was related to the April 28, 2006 accident. The WCJ found that Dollar General reasonably controverted the claim and therefore was not assessed penalties, attorney fees or costs. Ms. Battiste appealed, alleging that the WCJ erred in failing to consider the facts in light of the “working-in-pain” jurisprudence. For the following reasons, we affirm the WCJ judgment.
 

 Factual findings in workers’ compensation cases are subject to the clearly wrong standard of appellate review.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc.,
 
 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. An appellate court cannot set aside the WCJ’s factual findings unless it determines there was no reasonable basis for those findings, or if there is support in the record for the findings, that the record as a whole shows the findings are clearly wrong.
 
 See Stobart v. State through Dept. of Transp. and Dev.,
 
 617 So.2d 880, 882 (La.1993).
 

 Ms. Battiste argues that the court ignored the jurisprudence associated with “working in pain.” She contends that [s]he presented ample evidence that she continued working even while experiencing severe back pain, which was a direct result of the work-related injury.
 

 |⅜A careful review of the record indicates that the WCJ heard medical testimony that Ms. Battiste’s injury could have caused her aggravation of back pain for up to a three month period. The medical records also show that she sought treatment and was compensated during that time frame. In the WCJ’s oral reasons, she stated that although Ms. Battiste appeared credible, “she was very inconsistent” and “basically, a bad historian.” The WCJ commented that Ms. Battiste had a really bad flare-up prior to the accident. It also noted that Ms. Battiste was complaining of the exact symptoms now that she complained of prior to her work-related injury. Thus, after a thorough review of the record, we conclude that the WCJ had a reasonable basis to reach her decision. The record supports that conclusion. The WCJ therefore, was not clearly wrong in concluding that the aggravation of Ms. Battiste’s pre-existing condition ended three months after her on-the-job accident. Ms. Battiste’s assignment of error is without merit.
 

 Dollar General, citing LSA-C.C.P. art. 2133, answered the appeal requesting additional attorney fees for the work involved in defending this appeal. We conclude however, that Dollar General was not awarded attorney fees below and has cited no valid authority to be awarded attorney fees on appeal. This request is denied.
 

 As this appeal involves no more than an application of well-settled rules to a recurring fact situation, we affirm the WCJ judgment by summary disposition in accordance with Uniform Rules — Courts of Appeal, Rule 2 — 16.1(B). Vanessa Faye Bat-tiste is assessed with the costs of these proceedings.
 

 AFFIRMED, ANSWER TO APPEAL DENIED.